UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7613 PA (FFMx) | Date | October 8, 2014 |
|---|---|---|---|
| Title | Daenesha Caldwell v. Wells Fargo Bank, N.A., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Julieta Lozano | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS

    Before the Court is a Notice of Removal filed by defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Juan Melara ("Melara") (collectively "Defendants"). The Notice of Removal asserts that this Court possesses subject matter jurisdiction over the action filed by plaintiff Daenesha Caldwell ("Plaintiff") as a result of the Complaint's first claim brought pursuant to 42 U.S.C. § 1983. Each of the remaining eleven claims asserted in Plaintiff's Complaint, which was originally filed in Los Angeles Superior Court, allege state law claims.

    The Complaint's sole federal claim alleges that Wells Fargo and Mellara violated Plaintiff's Fourth and Fifth Amendment rights when Melara "unlocked and searched her desk, purse and other personal belongings while she was gone. As a result of this search, Wells Fargo voluntarily handed over Ms. Caldwell's cell phone, purse and keys to Ms. Caldwell's vehicle and residence to the police without a warrant." (Compl. ¶ 21.)

    Plaintiff's § 1983 claim does not appear to allege a viable federal claim. To prove a violation of § 1983, Plaintiff must demonstrate that the defendants: "(1) deprived [her] of a right secured by the Constitution, and (2) acted under color of state law." Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). For purposes of § 1983 claims alleging violations of the Fourteenth Amendment, courts treat the Fourteenth Amendment's "state action" requirement and § 1983's "color of law" requirement as "equivalent." Id. at 1148. "Under § 1983, a claim may lie against a private party who 'is a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions.'" Degrassi v. City of Glendora, 207 F.3d 636, 647 (9th Cir. 2000) (quoting Dennis v. Sparks, 449 U.S. 24, 27-28, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980)). "[A] bare allegation of such joint action will not overcome a motion to dismiss; the plaintiff must allege 'facts tending to show that [the private party] acted 'under color of state law or authority.'" Id. (quoting Sykes v. State of Cal., 497 F.2d 197, 202 (9th Cir. 1974)); see also Dietrich v. John Ascuaga's Nugget, 548 F.3d 892, 900 (9th Cir. 2008).

    Here, Melara's search of Plaintiff's desk, and Wells Fargo's "voluntary" handing over of items from that search does not appear to be state action. "A private person cannot act unilaterally as an agent or instrument of the state; there must be some degree of governmental knowledge and acquiescence. In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7613 PA (FFMx) | Date | October 8, 2014 |
|---|---|---|---|
| Title | Daenesha Caldwell v. Wells Fargo Bank, N.A., et al. | | |

the absence of such official involvement, a search is not governmental.  And once a private search is completed, the subsequent involvement of government agents does not retroactively transform the original intrusion into a governmental search." United States v. Sherwin, 539 F.2d 1, 6 (9th Cir. 1976). As a result, the facts alleged in the Complaint do not appear to state a viable federal claim.  See Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002) ("A § 1983 plaintiff . . . must show that a defendant's actions are 'fairly attributable' to the government.") (quoting Collins, 878 F.2d at 1151).

      The Court therefore orders Plaintiff to show cause in writing, no later than October 20, 2014, how Plaintiff has alleged a viable § 1983 claim.  In response to this Order to Show Cause, Plaintiff may file a written response, file a First Amended Complaint, or elect to dismiss her § 1983 claim.  Should Plaintiff elect to dismiss her § 1983 claim, the Court would elect not to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and remand the action to Los Angeles Superior Court.

      IT IS SO ORDERED.